UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID PARSONS,<br>　　　　　　　　Plaintiff,<br>v.<br>PAIGE, *et al.*,<br>　　　　　　　　Defendants.<br>_____/ | Case No. 24-10247<br><br>Judith E. Levy<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER DENYING WITHOUT PREJUDICE MOTION FOR ALTERNATE SERVICE (ECF Nos. 44, 45)**

Plaintiff seeks leave to serve Defendant Paige by mailing a copy of the summons and complaint to Paige and leaving a copy of both at the door of his last known address. (ECF No. 44, 45). The motion is **DENIED WITHOUT PREJUDICE**.

Plaintiff contends that alternate service is necessary because personal service has been unsuccessful. The United States Marshals Service attempted mailed service on Paige at the Michigan Department of Corrections facility where he worked. Counsel was then appointed for Plaintiff. Counsel learned that Paige was no longer a Department of Corrections employee. (ECF No. 45, PageID.256). Counsel hired a private investigator to locate Paige's current address. After learning of a residential address, counsel hired a process server. The two process servers attempted personal service several times. A woman who identified herself

as Paige's mother answered the door on all but one of those occasions and said that Paige was not in. (ECF Nos. 45-2, 45-3). Paige was purportedly never present during those attempts. Counsel verified with the United States Postal Service that there had been no change of address on file for Paige. (ECF No. 45-4).

Because of unsuccessful personal service, Plaintiff seeks permission to use alternative means of service. As Plaintiff explained in his motion, the Michigan Court Rules for service on an individual provide for both personal service and mailed service by certified mail, return receipt requested, and delivery restricted to the addressee. Mich. Ct. R. 2.105(A). Michigan Court Rule 2.105(J) gives the Court discretion to permit service by alternate means "[o]n a showing that service of process cannot reasonably be made as provided by this rule."

Plaintiff has not yet shown that service by certified mail cannot reasonably be made. The possibility that Paige will accept mailed service but not engage with a process server has not been ruled out. Until Plaintiff makes that showing, alternate service will not be allowed.

The summons is extended an additional 30 days.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as

error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: March 11, 2025                     s/Curtis Ivy, Jr.
                                         Curtis Ivy, Jr.
                                         United States Magistrate Judge