UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID PARSONS,                                  Case No. 24-10247
                        Plaintiff,
v.                                              Judith E. Levy
                                                United States District Judge
PAIGE, *et al.*,
                        Defendants.             Curtis Ivy, Jr.
_____/                United States Magistrate Judge

## ORDER GRANTING MOTION FOR ALTERNATE SERVICE (ECF No. 47)

Before the Court is Plaintiff's renewed motion for leave to serve Defendant

Paige by alternative means.  (ECF No. 47).  His first motion was denied without

prejudice because Plaintiff had only attempted personal service; he had not tried

mailed service under Mich. Ct. R. 2.105(A)(2).  (ECF No. 46).  The Michigan

Court Rules allow for alternative means of service only after showing that service

cannot be completed by the means listed in the rules.  Mich. Ct. R. 2.105(J).

Plaintiff has since attempted mailed service.  On March 12, 2025, Plaintiff

mailed the service documents to Paige by certified mail, return receipt requested,

and delivery restricted (the photocopy of the green card is difficult to read, but it

appears that restricted delivery was checked).  (ECF No. 47-5, PageID.314).

Though difficult to read, Plaintiff says that someone other than Paige signed for the

email.  (*Id.*; ECF No. 47, PageID.280).  Plaintiff again tried certified, restricted

delivery mail on March 20, 2025.  United States Postal Service tracking

information shows that the mail was delivered on March 22, 2025. (ECF No. 47-6, PageID.317).  Plaintiff's counsel has not received a returned green card.  (ECF No. 47, PageID.280).

In all, Plaintiff attempted personal service several times and mailed service twice.  None of these attempts have been successful through no apparent fault of Plaintiff's or Plaintiff's counsel.  So Plaintiff has shown that service cannot reasonably be made under the Michigan Court Rules.  Under Michigan law, "the court may by order permit a service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." *Nationstar Mortg. LLC v. B&M Acquisitions, LLC*, 2018 WL 1918680, at *4 (E.D. Mich. Apr. 24, 2018).  "Courts may allow service by publication, by posting a copy of the summons and complaint on the door of the defendant's address, or by email." *Bass v. Wyndern Stark LLC*, 2025 WL 1195554, at *1 (E.D. Mich. Apr. 24, 2025) (citing *Reyes-Trujillo v. Four Star Greenhouse, Inc.*, 2021 WL 534488, at *4 (E.D. Mich. Feb. 12, 2021) (collecting cases).

Plaintiff wants to serve Defendant by leaving a copy of the summons and complaint at the door of Defendant's last known address and by mailing another copy of each to that address.  (ECF No. 47, PageID.280-81).  The motion to serve the complaint by these means is **GRANTED**.  These means are reasonably

calculated to give Defendant actual notice of the proceedings and an opportunity to be heard.

Plaintiff is **DIRECTED** to leave a copy of the summons, complaint, **and this Order** at Defendant's last known address and to mail all three documents by certified mail, return receipt requested, delivery restricted to the same.

The summons is extended an additional 30 days.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.


Date: April 25, 2025                    s/Curtis Ivy, Jr.
                                        Curtis Ivy, Jr.
                                        United States Magistrate Judge