UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID PARSONS,<br>　　　　　　　　　Plaintiff,<br>v.<br>PAIGE, *et al.*,<br>　　　　　　　　　Defendants.<br>_____/ | Case No. 24-10247<br><br>Judith E. Levy<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### ORDER DIRECTING DEFENDANT PAIGE TO REPLY TO PLAINTIFF'S COMPLAINT

Defendant Paige was served with the summons and complaint by alternative means (ECF Nos. 48, 49). The Court ordered Plaintiff to show cause regarding his efforts to prosecute the case. (ECF No. 51). The Court neglected to order Paige to respond to the complaint, whether by answer or other appropriate response, before issuing its Order to show cause against Plaintiff. Title 42 U.S.C. § 1997e(g) allows a defendant to a prisoner civil rights suit to waive filing a reply to the complaint unless the Court orders that he or she reply. *Woodford v. Genesee Cnty. Jail*, 2024 WL 4599334, at *1 (E.D. Mich. Sept. 25, 2024) ("Defendants were not required to answer or otherwise respond to Woodford's complaint unless and until the Court ordered them to do so.").

The Court finds that Plaintiff has a reasonable opportunity to prevail on the merits, so Defendant Paige is **ORDERED** to respond to the complaint **by July 11, 2025**.

Paige is warned that failure to timely respond to the compliant could result in default judgment against him.  Section 1997e(g)(1) prohibits default against a defendant to a prisoner civil rights lawsuit, but when the Court orders the defendant to respond to the complaint, the defendant must respond accordingly. Failure to do so could result in default judgment.  *See Smith v. Taulton*, 2019 WL 4241858 (E.D. Mich. Sept. 6, 2019).

The Order to Show Cause (ECF No. 51) is **VACATED**.  Because default judgment is unavailable to a prisoner plaintiff unless the Court has ordered the defendant to respond, Plaintiff's motion for default judgment (ECF No. 52) is **DENIED WITHOUT PREJUDICE**.  Plaintiff may move again for default judgment if Paige fails to respond to the complaint and after obtaining an entry of default.  *See* Fed. R. Civ. P. 55; *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986) ("entry of default is . . . the first procedural step on the road to obtaining a default judgment").

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal

Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: June 17, 2025                         s/Curtis Ivy, Jr.
                                            Curtis Ivy, Jr.
                                            United States Magistrate Judge