UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID PARSONS, | Case No. 24-10247 |
| Plaintiff, | |
| v. | Judith E. Levy |
| | United States District Judge |
| PAIGE, *et al.*, | |
| Defendants. | Curtis Ivy, Jr. |
| _____/ | United States Magistrate Judge |

### ORDER DENYING WITHOUT PREJUDICE MOTION FOR DEFAULT JUDGMENT (ECF No. 59)

The Court granted leave for Plaintiff to serve Defendant Paige by alternative means of process. (ECF No. 48). A copy of the summons and complaint were then served by alternate means—posting on Paige's door. (ECF No. 49, 50). Then the Court ordered Paige to file a response to Plaintiff's complaint. (ECF No. 58). It does not appear, however, that a copy of that Order was mailed to Paige or posted on his door. Without that step, Paige has not been given notice of the directive that he respond to the complaint, so his failure to do so does not entitle Plaintiff to any relief. Thus, the motion for default judgment is **DENIED**.

The Court **ORDERS** Plaintiff to serve a copy of the June 17, 2025, Order requiring Paige to respond to the complaint AND a copy of this Order on Defendant Paige both by mailing the copies by regular mail to his address and by having the copies posted to his door. Plaintiff must complete these methods of

service by September 2, 2025, and file a certificate of service confirming completion of these methods.

The Court will extend Paige's deadline to respond to the complaint to **September 30, 2025**. If Paige does not file a timely response, then Plaintiff may request a Clerk's entry of default. Only after the Clerk enters a default may Plaintiff move for default judgment. This is to say that Plaintiff's motion for default judgment at ECF No. 59 is improper—he needs a Clerk's entry of default before moving for default judgment.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: August 26, 2025                s/Curtis Ivy, Jr.
                                     Curtis Ivy, Jr.
                                     United States Magistrate Judge

## CERTIFICATE OF SERVICE

    The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on August 26, 2025.

                                          s/Sara Krause
                                          Case Manager
                                          (810) 341-7850