**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

David Parsons,

|                          |                                      |
|--------------------------|--------------------------------------|
| Plaintiff,               | Case No. 24-10247                    |
| v.                       | Judith E. Levy                       |
|                          | United States District Judge         |
| Mario Paige,             |                                      |
|                          | Mag. Judge Curtis Ivy, Jr.           |
| Defendant.               |                                      |

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COST AWARD [79]

Before the Court is Plaintiff David Parsons' motion for attorney fees and cost award. (ECF No. 79.) On January 15, 2026, the Court entered judgment in favor of Plaintiff against Defendant Mario Paige. (ECF Nos. 77, 78.) In light of the judgment, Plaintiff moved for attorney fees on February 2, 2026. Defendant has not filed a response.

For the reasons set forth below, Plaintiff's motion is granted.

### I.    Legal Standard

Pursuant to 42 U.S.C. § 1988(b), the Court "may allow the prevailing party [in a 42 U.S.C. § 1983 action] . . . a reasonable attorney's

fee as part of the costs." Because Plaintiff has undoubtably prevailed in this 42 U.S.C. § 1983 case, the Court will award reasonable attorney fees and costs.

The Sixth Circuit has set forth the following criteria for determining reasonable attorney fees:

> A starting point is to calculate the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. (This is known as the "lodestar" calculation.) The court should then exclude excessive, redundant, or otherwise unnecessary hours.

*Wayne v. Village of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994) (cleaned up). Although there is a strong presumption that prevailing parties are entitled to a lodestar fee, *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000), the prevailing party "should submit evidence of the hours worked and the rates sought. If documentation of hours is inadequate, the district court may reduce the award accordingly." *The Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 702 (6th Cir. 2016). The party seeking fees has the burden of "documenting its work." *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 617 (6th Cir. 2007). In determining attorney fees and costs, the Court has significant discretion, which is "entitled to substantial deference." *Imwalle v. Reliance Med.*

*Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). "A district court may rely on a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests." *Van Horn v. Nationwide Prop. and Cas. Ins. Co.*, 436 Fed. App'x 496, 499 (6th Cir. 2011).

## II.   Analysis

Plaintiff requests $4,911.45 in attorney fees and $682.48 in costs. (ECF No. 79, PageID.456.)

### A. Determining a reasonable rate for counsel

Hourly rates for counsel are set according to the "prevailing market rate in the relevant community," which in this case is the Eastern District of Michigan. *Adcock-Ladd*, 227 F.3d at 350 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). A reasonable fee is intended to "attract competent counsel yet [ ] avoid[ ] producing a windfall for lawyers." *Id*. at 349.

Plaintiff's counsel represents that his hourly rate is $400.00, but asks that the Court use an hourly rate of $205.50. (ECF No. 79, PageID.455–456.) He also provides that he has been practicing for over 50 years and is an experienced trial attorney. (ECF No. 79-4.)

Plaintiff's counsel relies on the State Bar of Michigan's 2023 Economics of Law Survey Results. (ECF No. 79-5.) According to the Survey, the mean hourly billing rate for civil rights attorneys was $381.00, and the mean hourly billing rate for attorneys with over 35 years of experience was $339.00. (*Id.* at PageID.475, 477.) The Court finds that a rate of $205.50 per hour is appropriate in this case.

### B. Determining reasonable hours

Next, the Court must "calculate the number of hours reasonably expended on the litigation" and "exclude excessive, redundant, or otherwise unnecessary hours." *Wayne*, 36 F.3d at 531.

In performing a lodestar analysis, "[t]he district court . . . should exclude from [its] initial fee calculation hours that were not 'reasonably expended.'" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "The party applying for an award of fees should exercise billing judgment with respect to hours worked." *Imwalle*, 515 F.3d at 552 (internal quotations omitted) (quoting *Hensley*, 461 U.S. at 437). "[T]he documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the

4

prosecution of the litigation." *Imwalle*, 515 F.3d at 553. Courts may reduce requested fees when there are issues with excessive billing, inaccuracy, and vagueness. *Hensley*, 461 U.S. at 434 (holding that hours that are "excessive, redundant, or otherwise unnecessary" are not reasonable); *Imwalle*, 515 F.3d at 552 (requiring sufficient documentation of hours expended).

Here, Plaintiff's counsel has set forth documentation of his hours spent on the litigation and represents that he spent 23.9 hours on the litigation. (ECF No. 79-3.) The Court finds that this number of hours was reasonably spent on the litigation.

### C. Costs

Finally, Plaintiff's counsel represents that he spent $682.48 in costs on the litigation. (ECF No. 79-7.) The Court finds that these expenses are reasonable.

### III. Conclusion

The Court finds that Plaintiff's counsel's representation of attorney fees and costs is reasonable. With regard to attorney fees, counsel spent 23.9 hours with a rate of $205.50, which results in a sum of $4,911.45. Plaintiff also expended $682.48 in costs.

6

For the reasons set forth above, Defendant is directed to compensate Plaintiff for $4,911.45 in attorney fees and $682.48 in costs

IT IS SO ORDERED.

Dated: April 10, 2026                    s/Judith E. Levy
Ann Arbor, Michigan                   JUDITH E. LEVY
                                      United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 10, 2026.

                                      s/William Barkholz
                                      WILLIAM BARKHOLZ
                                      Case Manager